# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

DAYNA L. GOUGE, )
)
        Petitioner, )
)
    vs. )     Case No. 05-0030-CV-W-FJG-P
)
JENNIFER MILLER, )
)
       Respondent.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, who is confined at the Chillicothe Correctional Center in Chillicothe, Missouri, filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge her 2003 convictions and sentences for second degree murder and armed criminal action, which were entered in the Circuit Court of Jasper County, Missouri. Petitioner raises four (4) grounds for relief.

Respondent initially contends that, due to the conclusory nature of a number of petitioner's claims, respondent finds it very difficult to verify petitioner's claims. Respondent argues, however, even assuming that petitioner's present grounds are the ones she raised in her motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 24.035, all such grounds are procedurally defaulted because petitioner did not raise them on appeal to the Missouri Court of Appeals after the Jasper County Circuit Court granted post-conviction relief and ordered petitioner's sentences to run concurrently in Case No. 04CV682256. Thus, respondent contends that all of petitioner's grounds are procedurally barred from federal habeas corpus review. Doc. No. 9, pp. 3-4.

A review of the state court records in petitioner's post-conviction proceeding (Respondent's

Exhibits C, D, and E ) reveals that petitioner did not file an appeal in the Missouri Court of Appeals regarding her Rule 24.035 motion. Claims presented in a post-conviction motion but not presented on appeal are procedurally defaulted. Conley v. Groose, 26 F.3d 126, 1994 WL 203379, **1 (8th Cir. May 17, 1994). Moreover, petitioner has not filed a timely reply to respondent's response as required by this Court's April 22, 2005, Order.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has failed to address any cause for and actual prejudice resulting from her state procedural default.[1]

Petitioner also has failed to show that a fundamental miscarriage of justice will result if her defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Further

_____

[1]Moreover, ineffective assistance of post-conviction counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998).

2

review of petitioner's defaulted claims is not required to prevent a fundamental miscarriage of justice.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied, and this case is dismissed with prejudice.

      /s/ Fernando J. Gaitan, Jr.
FERNANDO J. GAITAN, JR.
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: 6/8/05 .

Case 4:05-cv-00030-FJG   Document 13   Filed 06/08/05   Page 3 of 3